Jason BOVIER, Appellant,

v.

SIMON CRANE SERVICE, INC. and
John Simon, Respondents.

No. ED 98072.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 16, 2012.

John G. Beseau, St. Louis, MO, for Appellant.

John S. McCollough, Melissa R. Null, St. Louis, MO, for Respondent.

ROBERT M. CLAYTON III, Judge.

Jason Bovier ("Plaintiff") appeals the trial court's grant of summary judgment in favor of Simon Crane Service, Inc. and John Simon (collectively "Defendants") on his claims for negligence and *res ipsa loquitor*. We reverse and remand.

## I. BACKGROUND

The undisputed facts are as follows. Plaintiff was employed by Whittaker Builders, Inc. ("Whittaker") as a carpenter. He was working for Whittaker constructing homes in the New Town subdivision in St. Charles County, Missouri. On July 27, 2005, Whittaker hired Simon Crane Service, Inc. ("Simon Crane") to provide a crane and crane operator to hoist the gables and trusses to the top of one of the homes in New Town. John Simon operated the crane that day, and during the lift of one of the gables, Plaintiff was struck and injured. Plaintiff filed suit against Defendants, alleging claims for negligence and *res ipsa loquitor*.

Defendants filed a motion for summary judgment, arguing Simon was a borrowed servant of Whittaker, rendering Defendants immune to Plaintiff's claims.[1] The trial court granted summary judgment in favor of Defendants, finding there was no genuine issue of material fact regarding Simon's status as a borrowed servant of Whittaker. Therefore, Defendants were immune to Plaintiff's claims because Simon was a co-employee of Plaintiff, and Plaintiff's exclusive remedy was under Missouri Workers' Compensation law. Plaintiff now appeals.

## II. DISCUSSION

In his sole point on appeal, Plaintiff claims the trial court erred in granting summary judgment in favor of Defendants because genuine issues of material fact exist as to whether Simon was the borrowed servant of Whittaker at the time of the incident.

### A. Standard of Review

Our review of summary judgment is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Although we view the record and construe all inferences favorably to Plaintiff (the non-movant), facts set forth in support of Defendants' motion for summary judgment are taken as true unless contradicted by Plaintiff's response. *See id.* We will affirm the grant of summary judgment only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 377. Moreover, we must affirm the trial court's judgment if, as a matter of law, it is sustainable under any theory. *Stark Liquidation Co. v. Florists' Mut. Ins. Co.*, 243 S.W.3d 385, 392 (Mo.App. E.D.2007). If the movant is a defending party, as Defendants are here, summary judgment is proper if that party shows, among other things, there is no genuine dispute as to the existence of each of the facts required

---

1. Pursuant to Section 287.120 RSMo (Cum. Supp.2005), the Missouri Worker's Compensation law set forth in Chapter 287 provides the exclusive remedy for the negligence of a co-employee or employer.

to prove a properly pleaded affirmative defense. *Bargfrede v. American Income Life Ins. Co.*, 21 S.W.3d 157, 161 (Mo.App. W.D.2000).

## B. The Trial Court Erred in Granting Summary Judgment

In his sole point on appeal, Plaintiff claims the trial court erred in granting summary judgment in favor of Defendants because genuine issues of material fact existed. According to Plaintiff, the summary judgment record established a dispute of fact concerning whether Whittaker had control or less than full control over Simon. We agree.

■■■ The borrowed servant doctrine is an affirmative defense that must be pleaded and proven by Defendants. *Crain v. Webster Elec. Coop.*, 568 S.W.2d 781, 787 (Mo.App.1978). It consists of three elements. *Id.* These are: (1) consent of the employee to work for the special employer; (2) actual entry by the employee upon the work for the special employer pursuant to either an express or implied contract; and (3) the power of the special employer to control the details of the work to be performed. *Id.* (internal citations omitted). If the summary judgment record contains undisputed facts to establish each of these elements, Plaintiff's exclusive remedy is under the Workers' Compensation law, and that act supersedes any right Plaintiff has at common law to maintain an action against Defendants. *Id.;* Section 287.120 RSMo (Cum.Supp.2005).

■■■ In his brief, Plaintiff concedes Defendants met the first two elements of the borrowed servant doctrine. He argues a genuine issue of material fact exists with respect to only the third element, Whittaker's control over Simon's operation of the crane. "To escape liability the general employer must surrender full control of the employee in the performance of the particular work, it not being sufficient if the servant is partially under the control of a third party." *Koirtyohann v. Washington Plumbing & Heating Co.*, 471 S.W.2d 217, 219–20 (Mo.1971). The mere fact that an employee follows the direction or orders of his temporary employer does not make that employee a borrowed servant. *Caballero v. Stafford*, 202 S.W.3d 683, 691 (Mo.App. S.D.2006).

■■■ Generally, the employer-employee relationship is a question of fact to be determined by a jury. *Bargfrede*, 21 S.W.3d at 161. This relationship becomes a question of law only where the material facts from which it can be inferred are not in dispute and only one reasonable conclusion can be drawn from the facts. *Id.* at 161–62. A genuine issue of fact exists, thereby precluding summary judgment, if the record contains evidence of two plausible but contradictory accounts of the essential facts. *Id.* at 162. Here, Simon's own testimony presents two plausible, but contradictory accounts of Whittaker's control over him as the sole crane operator on the construction site at the time of Plaintiff's injury.

In his deposition, Simon testified he is the vice president of Simon Crane. He was paid by Simon Crane, Simon Crane was in charge of deducting Simon's withholdings from his pay, and he could only be fired by Simon Crane. Simon testified a significant portion of Simon Crane's business was from Whittaker at the time of the accident in 2005, and Simon Crane had been working in the New Town subdivision since the development began in 2003. Simon testified that although Whittaker did not specifically request his services as the crane operator the day of the incident, he characterized his relationship with Whittaker as being "in the employment of Whittaker at the time. . . ." He further

stated Whittaker directed the use of lift techniques and gave him instructions about where he was supposed to place the gables.

However, Simon testified he believed he was the only crane operator on the construction site on the date of the incident and the only one who knew how to operate the crane. Simon further acknowledged no one from Whittaker instructed him regarding how specifically to operate the crane. He testified it was his decision regarding how to accomplish what Whittaker wanted done on the site at the time. Simon stated he could stop working for Whittaker at any time, and he testified he could have refused to hoist the gable on the date of the incident if he believed the situation was unsafe.

Although Simon contended he was essentially an employee of Whittaker at the time and he did as he was instructed by Whittaker, he contradicted this testimony with his own statements as to his control over the particular details of the lift of the gable. Based upon the evidence in the summary judgment record before us, we believe a genuine issue of material fact exists for a jury's determination of the essential element of whether Whittaker sufficiently controlled the details of the work to be performed, how the work was completed, and whether the work would stop or continue.

Defendants point to several cases in support of their contention that summary judgment was proper; however, these cases are distinguishable. Specifically, Defendants cite *Wren v. Vaca*, 922 S.W.2d 408 (Mo.App. W.D.1996) and *Wright v. Habco, Inc.*, 419 S.W.2d 34 (Mo.1967). In each case, the trial court's decision to grant summary judgment on the basis of the borrowed servant doctrine was affirmed. *Id.* However, the facts upon which summary judgment was granted in each

case differed significantly from those in the present case.

In *Wren*, Vaca was a truck driver leased to Wren's employer, Mo–Kan Express. 922 S.W.2d at 409. Wren was sleeping in the tractor-trailer's sleeping compartment while Vaca was driving. *Id.* The tractor-trailer left the highway, and Wren was injured. *Id.* Wren filed suit against Vaca and Vaca's employer, American Driver Leasing, Inc., and the trial court granted summary judgment in favor of the defendants. *Id.* The Western District affirmed the grant of summary judgment. *Id.* at 411. The court found the undisputed facts established Mo–Kan's control over Vaca, and therefore Vaca was a borrowed servant of Mo–Kan, Wren's employer. *Id.* Thus Vaca and American Driver Leasing, Inc. were immune from liability. *Id.* at 410–11.

In *Wren*, the court noted the undisputed facts established that Mo–Kan controlled the details of Vaca's work. *Id.* at 410. Mo–Kan told Vaca "when to drive, where to drive, and how to load and unload his cargo." *Id.* In addition, American Driver Leasing, Inc. did not have any right to assert control over the details of Vaca's performance. *Id.* at 411. In the present case, no such facts exist. There are no undisputed facts to show Whittaker was in sole control over when, where, and how Simon accomplished the lift of the gable at the time of the incident. Instead, Simon's own testimony provides contradictory evidence, asserting both that he was an employee of Simon Crane and that he controlled the technique of the lift and had the choice whether to complete a lift as Whittaker requested. As previously discussed, Simon further acknowledged no one from Whittaker instructed him regarding how to specifically operate the crane, and he could refuse to do so if he believed it was not safe.

In *Wright,* the plaintiff, Wright, was working in Habco, Inc.'s ("Habco") building when he fell from scaffolding and suffered injuries. 419 S.W.2d at 34. Wright was employed by Manpower, Inc., which provided temporary workers to businesses. *Id.* at 35. Wright filed suit against Habco, and the trial court granted summary judgment in favor of Habco finding Wright was a borrowed servant of Habco. *Id.* Therefore Wright's exclusive remedy was under Workers' Compensation law. *Id.* at 34–35. The issue presented on appeal was whether the undisputed facts established as a matter of law that Wright was a borrowed servant of Habco at the time of the injury. *Id.* at 36. The Missouri Supreme Court noted the only direction given Wright by Manpower was to report to Habco for work. *Id.* at 37. The undisputed facts showed Habco had the right to control the details of the work being performed, and Habco exercised that control for several weeks. *Id.* at 36.

Again, these facts differ considerably from those in the present case. As discussed above, Simon testified he controlled some of the details of the work being performed for Whittaker. This testimony clearly does not constitute the same undisputed evidence the court was faced with in *Wright* concerning Habco's control over the details of the work performed by Wright.

As a result of the foregoing, we conclude a genuine issue of material fact exists concerning an essential element of Defendants' affirmative borrowed servant defense. We cannot say, as a matter of law, the undisputed facts in the record before us show Whittaker had sufficient control over the details of Simon's work, particularly how the work was done and whether it should stop or continue, to render Simon Whittaker's borrowed servant. Therefore, the trial court erred in granting summary judgment in favor of Defendants.

### III. CONCLUSION

The judgment of the trial court granting summary judgment in favor of Defendants is reversed, and the cause is remanded for further proceedings consistent with this opinion.

GARY M. GAERTNER, JR., C.J. and ANGELA T. QUIGLESS, J., concur.